## WILDER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department.   November 20, 1896.)

1. NEGLIGENCE—EVIDENCE—PREVIOUS ACCIDENT.
   Where a passenger was thrown from her seat as the car rounded a curve, and there was evidence that at the time of the accident the car was being run in the usual manner, a question if similar accidents had occurred at the same place was competent as relating to the structural condition of the road.

2. CARRIERS—NEGLIGENCE—PRESUMPTION OF.
   The fact that persons are not ordinarily thrown from their seats in a car in rounding a curve does not justify the presumption, where a person was so injured, that the injury was chargeable to the want of care of defendant.

Appeal from trial term, Kings county.

Action by Jennie C. Wilder against the Metropolitan Street-Railway Company for personal injuries.   From a judgment for $120.37 costs entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals.   Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Samuel S. Whitehouse, for appellant.
Thomas S. Moore, for respondent.

BRADLEY, J.   The plaintiff, in June, 1894, having entered one of the defendant's Broadway cable cars at Forty-Fourth street, in the city of New York, as a passenger, was thrown from her seat onto the floor of the car when it was on the curve of the railway at or about Fifteenth street.   She charges that this accident was occasioned solely by the negligence of the defendant, and seeks to recover damages for the injury alleged to have been suffered by her in consequence of it.   The question of negligence of the defendant was one of fact, submitted to the jury, and upon that, as well as the question of contributory negligence of the plaintiff, the jury were quite fully charged by the court.   The inquiry here, mainly, is whether there was error to the prejudice of the plaintiff in any of the rulings at the trial.   There is no charge of negligence in the manner of the construction of the railroad or car, or having relation to the condition of either.   The purpose of the road and car was the carriage of passengers, and the duty devolved upon the defendant was to use great care for their protection, so far as it was dependent upon the operation of its railroad.   The distance between the terminal lines of this curve is 155 feet, of which 55 feet is a straight line. There is necessarily some vibration of a car as it goes around the curve.   It appears by the evidence of the engineer having charge of the engine at the power house that the rate at which the cable runs is uniform, and is 8¾ miles per hour; that such was the rate of its speed on the day, and at the time of the accident, and that the speed of the cable is regulated by the revolutions of the engine, and that is controlled by a governor by which the rate of speed is fixed; and that the engine cannot run the cable any faster than at the fixed rate.   And he adds that such is the rate at which the cable

has been run ever since the road was opened, and it never has run any faster. When the gripman applies the grip firmly to the cable, it and the car moves at the same rate of speed. And it appears that the grip is so applied, and the car moves at full speed, on the curve; that this is a reasonable necessity, because, by a slack of the grip in running on a curve, there is a liability to break or cut some of the wires on the outside of the cable, to be followed with the danger that the fractured or cut wire may be caught in the grip so as to prevent its release, and thus deny to the gripman control of the car, and cause it to run away at the same speed as the cable moves. The consequences of such event might be serious to passengers in the car and others, as well as to the property exposed to its collision in the crowded street. It therefore follows that no imputation of want of care arose from the mere fact that the grip was firmly applied, thus giving to the car on the curve the same rate of speed as that of the cable. But, if warning to passengers in the car was reasonably necessary, for their protection or safety, it was the duty of the defendant to give them the benefit of it. The court so instructed the jury.

The questions requiring consideration arose upon exceptions taken by the plaintiff's counsel. The plaintiff and her sister, who was with her in the car at the time of the accident, had on many occasions before ridden as passengers in the defendant's cars on the road, and on this curve. On the redirect examination the sister was asked the question whether, when she was riding in the Broadway car, it ever gave a jerk like this before. The answer was excluded by the court, and exception taken by the plaintiff's counsel. The only reason upon which the ruling may be deemed to have been made was in the fact that the witness had before testified upon the subject to which this inquiry related. She had testified about the movement of the car on the curve:

"That it went with great velocity,—so fast that I was frightened. I believed it to be a runaway. It had never gone so fast as that before. The motion of the car when it went with that rapidity was a regular whirl around the curve. It seemed to be rapid. It seemed to be just as fast as it could go,—a runaway. I do not remember now if it went smoothly, or with a swinging motion."

This apparently was a full description, so far as she could give it, of the movement of the car; and she did not remember whether it ran smoothly, or had a swinging motion. It is quite evident from this statement made by her that the witness could not add anything in answer to the question not within the import of her testimony so given in her prior examination by the plaintiff's counsel, and for that reason the plaintiff was not prejudiced by the exclusion of the evidence called for by such question. The person who during the time this cable road had then been in operation had been, and was at the time in question, superintendent of the defendant, being called as a witness on the part of the defense, and having testified that it was his duty to receive reports of accidents on the Broadway Railroad, was asked:

"Did you ever have any report of an accident, except the one in this case, by reason of being thrown off a seat on the curve at Broadway and Fifteenth street?"

The general objection of the plaintiff's counsel was overruled, and exception taken, and the answer of the witness was in the negative. A like inquiry of the assistant superintendent of the defendant was followed with a like ruling, exception, and answer. It is with much force argued by counsel that it was incompetent to prove what had occurred on other occasions, because the question was whether or not at the time of the accident the car on which the plaintiff was a passenger was negligently operated upon the curve. If the conditions to which the accident could be attributable were those produced by the manner in which the road was operated, and in that want of uniformity, the results arising previously to a stated time would very likely be deemed incompetent, as the causes for them in the operation of the road may not have been such as those to which that in question might be attributable. But in the present case the curve in the railroad track was a structural condition properly existing for the purposes of the use given by the operation of the road in the running of the cars by the means applied to propel them; and there was evidence tending to prove that at the time in question the car was run in the usual manner, and with no greater speed than the cars had uniformly been run upon this curve before then. The proposition is quite well established by authority that it is competent to prove as to a structure not apparently dangerous, and which has been in use a considerable time, that no accident has occurred from its use or maintenance prior to the time of an accident resulting in an injury to a person, and attributable to it, although such person was at the time a passenger of the party sought to be charged with liability for the injury. Dougan v. Transportation Co., 56 N. Y. 1; Crocheron v. Ferry Co., Id. 656; Cleveland v. Steamboat Co., 68 N. Y. 306; Kelly v. Railway Co., 109 N. Y. 44, 15 N. E. 879; Ryan v. Railroad Co., 121 N. Y. 126, 23 N. E. 1131. The facts which the evidence tended to prove in respect to the construction and operation of the defendant's railroad, and before referred to, would seem to bring the evidence to which the objection was taken within the principle of the cases above cited. While there was a combination of the structure and operation of the road to which the accident may have been attributable, the former was a fixed condition, and the jury were permitted to find that the movement of the cars upon the curve had been since the cable road had been in use, and was, uniform, as to speed and manner of running at that place. The view, therefore, is that the exception to the reception of the evidence was not well taken.

The learned counsel for the plaintiff contends that the court erred in the refusal to charge the jury, as requested, that:

"The accident being one which, in the ordinary course of defendant's business, does not happen when care is used, it affords, in the absence of explanation, sufficient evidence of negligence upon which to found a recovery, provided the other facts necessary to make out a case for the plaintiff are proved to the satisfaction of the jury."

The court properly declined to charge as an entirety the request as made. There may be cases where the duty devolved upon one to

protect another against danger of injury received by the latter is such as to raise the presumption of want of care on the part of him upon whom such duty rests, and thus cast upon him the burden of relieving himself from the charge of liability. This is not such a case. It is true that it was for the defendant to use the utmost care for the protection of its passengers against injury from the operation of its road, as charged by the court. It may be assumed that such an accident did not ordinarily occur. But the assumption in the request was that as it was one which does not happen in the ordinary course of the defendant's business, when care is used, the accident, in the absence of explanation, afforded sufficient evidence of negligence of the defendant to support in that respect a recovery. This proposition of the request was to the effect that the burden was with the defendant to prove its freedom from negligence. The court could not properly so instruct the jury. The fact that such an accident did not ordinarily happen at the place in question does not justify the assumption or presumption that the plaintiff's injury was chargeable to the want of care of the defendant, nor need it be deemed attributable to the negligence of the plaintiff. The accident may have arisen from causes not dependent upon the negligence of the defendant. The circuitous movement of the car on the curve at the rate of the cable was necessarily a sort of a whirl of it, which may have required some care on the part of the passengers to steady themselves in the places occupied by them, with, however, no apparent danger to those within the car. The plaintiff at the moment of the accident may have been so unguarded in her position as to cause her to lose her balance, and thus be thrown from her seat by the motion of the car as it was proceeding around the curve. That this condition was applicable to her alone at the time is indicated by the fact that none of the other persons in the car were in like manner affected or disturbed in their seats. It is therefore clear that no presumption of negligence of the defendant arose from the occurrence of the accident which resulted in the plaintiff's alleged injury.

The court was also requested to charge the jury that, if they believed that the car went around the curve with more than usual velocity, they might consider that fact in determining the question of the defendant's negligence, and the court declined to vary the charge as made in that respect. The instruction which had been given to the jury did not embrace substantially the language of this request, but the court had charged them that the duty of the defendant was to use the very highest degree of care and skill in the means which the law authorized it to employ, to see to it that the people who ride on its cars are not subjected to any danger arising from the means of propulsion which can be obviated; that, if it was necessary to send the cars around this curve at a high rate of speed, it was the duty of the defendant to see to it that the passengers were put in such position that they were not likely to suffer danger or accident by such rate of speed upon the curve, or else that they have such warning on the approach to it that they may be enabled to protect themselves. The court very likely did not, in view of the evidence, deem the question of speed of the car upon the curve an important

fact bearing upon the question of negligence of the defendant. In the refusal of the court to charge such proposition as applied to the present case, there was no error prejudicial to the plaintiff. Inasmuch as the plaintiff was seated in the car, no danger to her was reasonably to be apprehended from its velocity there. If the request to charge had related to the velocity with which the car struck the curve, causing an unusually violent jerk of it, a different question possibly might have been presented to the trial court, and for consideration on this review, if it had not been submitted to the jury. No view, however, is now expressed upon that subject.

As a whole, the case was fairly tried, and the questions of fact legitimately arising upon the evidence were submitted to and determined by the jury; and, as the verdict cannot be treated as against the weight of evidence, the judgment and order should be affirmed. All concur, except BARTLETT, J., dissenting.