CHESAPEAKE & O. RY. CO. v. NEEDHAM.

(Circuit Court of Appeals, Fourth Circuit.   July 5, 1917.)

No. 1510.

1. CARRIERS ⬤⟳298(1)—INJURY TO PASSENGER—NEGLIGENCE—SWAYING CARS.
    Swaying or lurching of cars necessarily incident to proper operation of
    fast passenger trains at curves and heavy grades in the track, necessary
    because of the nature of the country, whereby a passenger is injured, does
    not charge the carrier with negligence; but the risk thereof is assumed
    by the passenger.

2. TRIAL ⬤⟳260(8)—INSTRUCTIONS—REQUEST COVERED BY CHARGE—PASSEN-
    GER'S ACTION.
    Relative to error in refusal of requested instruction applicable to issue
    of fact in passenger's action for injury from fall in fast train, the state-
    ments of the general charge to find for defendant unless they believe the
    injury occurred by reason of negligent operation of the train, and unless
    they believe it was guilty of some negligence of act or omission, do not
    cover principle of passenger assuming risk of lurch or jolt which is an
    unavoidable incident of prudent and skillful operation.

3. CARRIERS ⬤⟳321(1)—PASSENGER'S ACTION—INSTRUCTIONS—UNCERTAIN OR
    MISLEADING REQUEST.
    A requested instruction in passenger's action for injury from fall on
    fast passenger train caused by lurch or jolt on road in rough country with
    necessary sharp curves and heavy grades that the jury should find for
    defendant unless they believe from the evidence 'that there was a neg-
    ligent and extraordinary lurch in substance and purpose is not uncertain
    or misleading, so as to warrant its rejection for faulty expression.

In Error to the District Court of the United States for the South-
ern District of West Virginia, at Charleston; Benjamin F. Keller,
Judge.

Action by Abigail Needham against the Chesapeake & Ohio Rail-
way Company. Judgment for plaintiff, and defendant brings error.
Reversed.

Herbert Fitzpatrick, of Huntington, W. Va. (Enslow, Fitzpatrick
& Baker, of Huntington, W. Va., on the brief), for plaintiff in error.
C. Beverley Broun, of Charleston, W. Va. (Malcolm Jackson, of
Charleston, W. Va., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge.   In the brief of counsel for defendant in
error, plaintiff below, the material facts are recited as follows:

"On September 3, 1910, Mrs. Needham and her sister-in-law, Mrs. Jackson,
boarded the defendant's passenger train No. 3 at White Sulphur to travel to
Charleston.   They entered the train at the front end of the Richmond sleeper
in charge of Conductor Rogers, and sat down on one of the seats of section 2,
facing in the direction of the engine.   Before the train reached Ronceverte,
Mrs. Needham went from the sleeper to the dining car to get breakfast.   While
she was absent, Mrs. Byrne, of Charleston, and her family entered the same
sleeper at Ronceverte.   Miss Marie Byrne, a young lady of 18 years, and a
little sister, also sat down in section 2, taking the seat opposite the one occu-
pied by Mrs. Jackson, and facing the rear of the train.   Mrs. Jackson was
suffering severely from car sickness, and needed to lie down.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"When Mrs. Needham returned from breakfast she took her seat beside Mrs. Jackson, who was obliged to rise up to give her a place. Shortly afterwards the Pullman conductor, to whom she had previously spoken about the matter, came to Mrs. Needham and said she could have another seat in the rear of section 2. She arose and started towards the rear of the train, along the aisle of the car, to reach the seat indicated by the conductor. She had taken but a few steps, when a sudden and violent forward jerk of the car threw her headlong, face down, on the floor of the aisle. She fell the whole length of her body towards the rear end of the car. It was exactly as if the floor of the car had been jerked from under her. She was unable to rise, and had to be lifted and carried to a seat."

The only question of merit arises from the refusal of the court below to give the following instruction:

"The court instructs the jury that unless they believe from all the evidence, by a preponderance thereof, that on the train on which the plaintiff was on September 3, 1910, there was a negligent and extraordinary lurch, which threw the plaintiff to the floor, they should find for the defendant."

[1] For the purposes of this case it may be assumed that injury to a railroad passenger ordinarily creates a presumption that the carrier was negligent and casts upon the latter the burden of showing that the accident occurred without its fault. But a railroad company is not an insurer, and some risks of travel must be assumed by the passenger. In many parts of the country, of which the locality in question is an example, railroads can be built only in the narrow space between a range of mountains or hills on one side and a winding stream on the other. Under these conditions a road must have frequent curves, some of which will be "sharp," to say nothing of heavy grades which often characterize such a right of way. And it is manifest that high-speed trains cannot be run over a roadbed of this kind, however well constructed, without more or less tilting and swaying of the cars, and even something like jolting, as curves are rounded or brakes applied. So far as these motions, by whatever name called, are the necessary results or incidents of proper operation, they cannot charge the carrier with liability to a passenger thereby injured, because they are risks which the passenger assumes.

[2] This goes at once to the principal question litigated at the trial. The plaintiff testified to the accident substantially as set forth in the statement above quoted, and she was corroborated in the main by a young woman friend who was in the same car. Against this was the testimony of six witnesses, three of them passengers who saw the occurrence, to the effect that they did not observe any jolting of the car or other unusual motion. In a word, the plaintiff's proofs would sustain a verdict in her favor, while defendant's proofs show that she has no cause of action. This being the issue in dispute, we are of opinion that defendant was entitled to the rejected instruction; and the more so because the rule of exemption embodied in the request had not been stated or distinctly referred to in the general charge to the jury. True, the jury were told that:

"Unless they believe from the evidence in this case that the injury complained of occurred to the plaintiff by reason of the negligent operation of the train in which the plaintiff was at the time of the accident, they should find for the defendant."

And again:

"Unless you believe from the evidence in this case that the defendant was guilty of some negligence, either some act or some omission in care that was due under the circumstances, you cannot find against it."

But these statements, though unquestionably correct, failed to point out that there are certain risks which a passenger assumes; and nowhere in the charge were the jury told that plaintiff could not recover if the lurch or jolt that caused her fall was an unavoidable incident of prudent and skillful operation. The instruction asked by defendant was peculiarly applicable, as it seems to us, to the facts developed at the trial, and added significance was given to its refusal, by the omission of any direct reference to this aspect of the case in the subsequent charge to the jury. We are unable to agree that the request was "covered in general charge."

[3] Some criticism is made of the form of the refused instruction, and its use of the word "extraordinary," but we are not concerned with mere refinements of phraseology. In substance and purpose the request was not uncertain or misleading, and its rejection for faulty expression would hardly be warranted. As we see the case, it was the right of defendant to have the jury instructed that negligence cannot be predicated upon the swaying and lurching movements of a car which necessarily attend the proper and careful operation of fast passenger trains, because such movements are risks which the passenger assumes. As was said in Ozanne v. Illinois Central (C. C.) 151 Fed. 900:

"But whilst the carrier must rigidly perform all of these duties, the natural laws of motion superadd risks which the carrier cannot always guard against, even by the use of the utmost care, and such risks as those the passenger must be supposed to assume. The railroad track cannot always be straight. The transit of trains must be rapid, and the swing of a car is inevitable when the train passes over a curve. This is unavoidable, and the consequences of it is one of the risks we have referred to."

In the circumstances here disclosed we are constrained to hold that it was reversible error to refuse the requested instruction.

Reversed.