HENRY CRANDALL v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE
RAILWAY COMPANY.[1]

December 15, 1905.

Nos. 14,472—(105).

**Negligence—Vestibule Door.**

Action to recover damages for personal injuries sustained by the al-
leged negligence of the defendant in failing to keep the vestibule doors
at the rear of its sleeping car closed between stations. *Held*:

1. The defendant was not bound to have the car vestibuled; but, hav-
ing done so, it could not lead passengers to believe that the doors of the
vestibule would be kept closed between stations, and then negligently
leave them open, without incurring liability to a passenger injured there-
by.

2. Evidence herein is sufficient to sustain the verdict to the effect that
the defendant was thus negligent.

Appeal by defendant from a judgment of the district court for Ram-
sey county, Hallam, J. Affirmed.

*A. H. Bright* and *Munn & Thygeson,* for appellant.

*J. A. Giantvalley,* for respondent.

START, C. J.

This action was brought to recover damages for personal injuries
sustained by the minor son of the plaintiff by reason of the alleged
negligence of the defendant, in that the vestibule doors at the rear end
of its train were left open between stations for an unnecessary length
of time. Verdict for plaintiff in the sum of $1,000. The defendant
made a motion for judgment notwithstanding the verdict, which was
denied. Judgment on the verdict, and the defendant appealed from the
judgment.

The sole question presented by the record is whether the evidence
entitled the defendant to a directed verdict in its favor, for the reason
that there was no evidence of negligence on its part. The record dis-
closes evidence tending to show: That the boy, who was only seven
years old, was a passenger in the care of his aunt on a regular passen-

[1] Reported in 105 N. W. 185.

ger train from Boston to Minneapolis, which passed over the defendant's railway line from Sault Ste. Marie, Michigan (hereafter referred to as the Soo), to its destination; that they occupied a sleeper, which was the rear car in the train; that the rear platform of the car was vestibuled, with a door on each side thereof and a railing at the rear; that when the doors were opened the rear platform was substantially the same as the platform of an ordinary passenger car, but when they were closed the vestibule was a safe place for passengers to ride in; that on this car the doors of the vestibule were closed between stations east of the Soo, and passengers rode in it, with the knowledge of the employees in charge of the car; that during the forenoon of the day the boy was injured the aunt went with him upon the vestibuled platform several times, and observed that the doors were closed, and in response to her inquiry whether it was safe for them to remain there she was assured by the porter in charge of the car, who accompanied it throughout the trip, that it was, as everything was securely fastened; that when the car reached the Soo at about five o'clock in the afternoon it stopped, and the doors in the vestibule were opened for the purpose of permitting passengers to alight, and also for the purpose of furnishing the car with ice and supplies; that when the train left the Soo the doors were left open until the brakeman, commencing at the front of the train, would arrive at the rear to close them; that when the train had gone at least ten miles after leaving the Soo the doors were still open, which fact was unknown to the aunt, who, believing that they were closed, permitted the boy to go out upon the platform to throw away a bottle; that he did not return, and she went out to look for him, and found that he had fallen off, and that the doors were open; and, further, that the boy was injured by falling from the car.

The defendant was not bound to have the car vestibuled; but, having done so, it could not by acts and words lead its passengers to believe that the doors of the vestibule would be kept closed between stations, and then negligently leave them open, without incurring liability to passengers injured thereby. See Sansom v. Southern Ry. Co., 111 Fed. 887, 50 C. C. A. 53; Bronson v. Oakes, 76 Fed. 734, 22 C. C. A. 520. Whether the defendant in this case led the aunt to believe that the doors would be kept closed between stations, whether it negligently kept them open for an unreasonable time after the train left the Soo,

and whether such alleged negligence was the proximate cause of the boy's injury, clearly were, upon the evidence, questions of fact. It follows that the defendant was not entitled to a directed verdict.

Judgment affirmed.