CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. SIMPSON.

Opinion delivered September 21, 1908.

1. CARRIERS—DUTY WITH REGARD TO VESTIBULED COACHES.—While railroad companies are not bound to provide vestibuled coaches on their passenger trains, yet where they have done so passengers will have the

right to assume that they are convenient and safe for the purpose intended and that they will be prudently managed. (Page 338.)

2.  SAME—NEGLIGENCE—LEAVING VESTIBULED COACH OPEN.—A railroad company is not liable to a passenger who was riding upon the rear end of the rear coach of a train and was injured by falling therefrom, upon the ground that the vestibule door and platform of such coach was left open, if the company had not led the passenger to believe that the platform could be used to ride on for observation or other purpose. (Page 338.)

Appeal from Yell Circuit Court; *Hugh Basham,* Judge; reversed.

### STATEMENT BY THE COURT.

Charley Simpson, a boy sixteen years and eleven months of age, was riding on the platform of the back coach of appellant's passenger train from Hot Springs, Arkansas, to Little Rock. He fell from the platform, and was severely injured. The coach was provided with a vestible, but the door and vestibule platform or floor, on the side next to the station platform at Hot Springs, were left open, so that passengers might enter. This door and vestibule floor on one side continued open until the accident occurred. The door and floor on the other side were closed. When the train had gone about sixteen miles, Simpson while standing on the platform, according to his testimony, fell down through the opening to the ground. Simpson was a passenger. He and some other passengers were using the platform, instead of going into the coach. There was plenty of room in the coach for passengers. Appellee, the father of young Simpson, sued the appellant for damages because of the injury, alleging that appellant negligently left open and unclosed the gate and door leading to and from said vestibule to the platform at depots through which passengers enter and depart at stations, and knowingly permitted the same to remain open until after the said Charley Simpson was injured.

Appellant denied negligence. The evidence on behalf of appellee, so far as it is necessary to state it, showed substantially the above facts on the question of appellant's negligence.

Among other requests for instructions the appellant asked the following:

"1. You are instructed that, under the pleadings and the

evidence in this case, the plaintiff is not entitled to recover, and your verdict will be for the defendant.

"10. You are instructed that it was not negligence in the defendant to leave the vestibule door open at the rear end of the rear coach of its train."

These the court refused, but gave among others the following:

"8. Where a railroad company provides its cars with vestibule doors, it is not only answerable for the negligent acts of its servants in opening and permitting them to remain open, but it is also responsible for its failure to exercise a high degree of care t͘ the end that such doors shall be closed and the vestibule rendered reasonably safe."

The verdict and judgment were for $700.

*Buzbee & Hicks* and *Geo. B. Pugh,* for appellant.

1. Young Simpson at the time of the accident lacked but a month of seventen years of age. The law presumes, and he will be held, in the absence of proof of mental incapacity, to have had the same discretion with reference to his personal safety, as if he had attained his majority. 32 Am. Rep. 413; 26 N. E. 916; 39 N. W. 402; 57 L. R. A. 639; 57 Ark. 461.

2. If there is no reasonable excuse for doing so, it is contributory negligence for a passenger to remain on the platform of a moving car propelled by steam; and if injury happens to him under such circumstances which otherwise would not have occurred, the company, even though negligent, would not be liable. 46 Ark. 536.

3. There was no necessity nor occasion for passengers to use the rear vestibule of the rear car, no invitation to use it for purposes of observation; hence it was not negligence to leave the door open. 105 N. W. 185; 94 S. W. 293.

4. Under the proof in this case, the mere happening of the accident raises no presumption of negligence. There was no wreck nor other injury to the train or car. 151 Pa. St. 224; 3 Hutchinson on Carriers, 3 Ed., 1705.

*Bullock & Davis* and *J. T. Bullock,* for appellee.

1. On the question of contributory negligence of the youth, the facts in the cases cited by appellant make them inapplicable

in this case.   Young Simpson's conduct is to be measured, not by the standard of a mature man of ordinary prudence, but from that of an ordinary prudent boy of his age.   Whittaker's Smith on Negligence, 56; *Id.* 513; 75 S. W. 86; Beach on Contributory Negligence, 3 Ed., 216; 7 Am. & Eng. Enc. of L., (2 Ed.), 405; 124 Mass. 57; 26 Am. Rep. 645.   It was quite hot inside the car.   Other people were using the platform, and the boy was but following their example and obeying the instincts of early youth. This vestibule door was open all the way.   53 Mich. 507; 51 Am. Rep. 154; 15 Wall. 406.

2.   A railroad company is not bound to provide vestibuled coaches, but, having done so, it is bound to maintain them in a reasonably safe condition.   18 S. E. 406.   It amounts to an invitation to passengers to pass from one car to another, and the duty rests upon the company to exercise a high degree of care to maintain them in a reasonably safe condition.   94 S. W. 296; 76 Fed. 734; 3 Thompson on Negligence, § 2834; 2 Shearman & Redfield on Negligence, (5 Ed.), § 324.

3.   This is not such a case, under the proof, as that the court could declare as a matter of law that the appellant was guilty of no negligence, or that the boy was guilty of contributory negligence.   This was properly a question for the jury. 191 U. S. 247; 107 Cal. 438; 91 N. Y. 303; 71 Pac. 81; 72 Pac. 1006; 121 Mass. 337; 82 Mich. 1; 46 N. W. 21; 59 Ark. 220.

WOOD, J., (after stating the facts).   As is said in *Wagoner v. Wabash R. Co.*, 94 S. W. 293, "the purpose of the vestibuled cars is to add to the comfort, convenience and safety of passengers, more particularly while passing from one car to another." While railway companies are not bound to provide vestibuled coaches on their passenger trains, yet, where they have done so, passengers will have the right to assume that they are convenient and safe for the purpose intended, and that they will be prudently managed.   Any negligence upon the part of railway companies in these particulars resulting in injury to their passengers will render them liable in damages.   2 Hutchinson, Car. 927.   The uncontroverted proof in this case shows that appellant was guiltless of any negligence in the management of its vestibule appliances that resulted in injury to young Simpson.   The vestibule in question, being at the rear end of the rear coach, could not be used

for crossing from one car to another. There was therefore no duty upon the part of the appellant to have the rear end of the last coach in the train vestibuled in order that passengers might pass from car to car in safety. Appellant had not led young Simpson to believe that a vestibuled platform could be used to ride on for observation, conversation or other purposes. See *Crandall* v. *Minneapolis, St. Paul, &c., Ry. Co.,* 105 N. W. Rep. 185. Appellant was under no duty to provide a vestibule for such purposes, and was therefore not liable for its failure to do so.

Having found that there was no actionable negligence on the part of appellant under the undisputed evidence, it follows that the court erred in its refusal to grant the prayers of appellant *supra;* also in giving the instruction number eight set forth in the statement. This conclusion renders it unnecessary to pass upon the question of contributory negligence.

The judgment is therefore reversed, and the cause is remanded for new trial.