[Clanton v. Southern Railway Company, et al.]

# Clanton *v.* Southern Railway Company, *et al.*

*Action for Injury to Passenger.*

(Decided Feb. 3, 1910.   51 South. 616.)

1. *Carriers; Passengers; Injuries; Contributory Negligence.*—Except under special circumstances it is negligence for a passenger to stand on the platform of a car in a rapidly moving train.

2. *Same; Duty as to Drop 'Doors.*—In the absence of special circumstances, drop doors over the steps of a vestibuled train need not be kept down when the train is at a station discharging or taking on passengers, as during that time trainmen and passengers must pass on and off the train by means of the steps; and the mere fact that passengers were in the habit of resorting to the rear platform of trains at stations without the acquiesence of the carrier, shown by keeping the door drops down at the station, though known by the carrier did not impose upon it the duty of foregoing the ordinary use of such appliances.

3. *Same.*—Where a passenger left the vestibuled coach which she had boarded and went to the rear platform while the train was standing at the station at night, for the sole purpose of standing there. because the coach was uncomfortable from heat. and was injured by falling down the steps because the drop doors were raised, and because of the absence of a light, the court cannot declare as a matter of law that the carrier was negligent in failing to have the drop door down or in failing to have a light in the vestibule.

4. *Same; Contributory Negligence; Going on Platform.*—A passenger with knowledge of the purpose of drop doors on a vestibuled train and of the reasonable and ordinary use of the same while such trains are standing at a station to receive and discharge passengers, who goes upon the rear platform of the car she has boarded for the sole purpose of standing there while the train is standing at the station. and is injured by falling down the steps because the drop door is raised and because of the absence of a light, is guilty of contributory negligence preventing a recovery.

5. *Same; Assumption of Risk.*—Under the circumstances alleged in the complaint in this case, the passenger assumed the risk of injury. although the carrier knew that passengers were in the habit of resorting to the platform, where the carrier did not acquiesce therein by keeping the drop door down at stations.

APPEAL from Madison Law and Equity Court.

Heard before Hon. TANCRED BETTS.

[Clanton v. Southern Railway Company, et al.]

Action by Juliet Clanton against the Southern Railway Company and another. From a judgment for defendants, on sustaining a demurrer to each count of the complaint, plaintiff appeals. Affirmed.

The complaint was as follows:

"(1) Plaintiff claims of the defendants the sum of $25,000 damages, for this: That on, to wit, the 30th day of September, 1907, the defendant the Southern Railway Company, a corporation under the laws of the state of Virginia, was operating a train of cars, as a common carrier of passengers for hire, from Salisbury in the state of North Carolina, to Huntsvills, in the state of Alabama, and the defendant, the Pullman Company, a corporation, was at that time and place likewise engaged in operating a car, which was a part of the train of the defendant Southern Railway Company, between Salisbury, N. C., and Huntsville, Ala. Having purchased a berth upon said car of said Pullman Company, that on said day plaintiff was a passenger on said Southern Railway Company, and in the car of said Pullman Company, having boarded said train and said car at Salisbury, about 9 p. m. And plaintiff avers that when she entered said car all the berths had been made down, and said car was hot and disagreeable; and plaintiff avers that she stepped upon the rear platform of said car, and in so stepping upon the said rear vestibule of said car, which was a vestibuled car end, while said car was standing in the station at Salisbury, she slipped and fell down the steps of said car to the ground, several feet below, and was greatly bruised and injured, in this: (Here follows description of injuries and claims for special damages.) And plaintiff avers that said injury was caused by reason of the negligence of the defendants, their servants, agents, or employes, in failing to keep said rear vestibule properly lighted, so as to ren-

[Clanton v. Southern Railway Company, et al.]

der the same safe for the use of plaintiff and other pass-engers on said train or car, to plaintiff's damage."

(2) Claims same damages as 1, alleges the relation of passenger and carrier, and further alleges that while upon said train in said cars, and while said train and car were not in motion, but were standing at the station in Salisbury, the plaintiff went upon the rear platform of said car, which car was a vestibuled car, having at its rear end platforms to cover the steps leading into said car, and railings or doors to inclose the same, so as to render it a safe place for passengers to go on said car, and at the time plaintiff went upon said platform it was dark, and plaintiff fell down the steps, greatly injuring, etc. It is averred that her injury was caused by the negligence of the defendants, their servants, agents, or employes, in charge of said train, or said car, in this: That there was a door over said step, which, when down, formed a continuation of said platform, and plaintiff avers that said door over said step was raised, which fact was unknown to plaintiff, leaving said steps open and exposed, thereby causing plaintiff to fall.

(3) Same as 2, with the additional allegation that the door was negligently opened or raised, or permitted to be raised and opened, without providing suitable lights to enable plaintiff and other passengers to know and be informed that said door was raised or open, without the knowledge of the plaintiff that said door was raised or opened.

(4) Is a short statement of the facts alleged in count 3.

(5) Alleges the same facts as in the other counts, with the additional allegation that the car was a vestibuled car, with a platform at its rear which was commonly known as an "observation platform," and that it

had doors covering the steps leading into said car, which, when down, formed a continuation of such platform, with a railing inclosing the same, so as to make it safe for passengers upon said car to go thereon; and plaintiff avers that said passengers were accustomed to go upon said platform at their will, both while said trains were standing at the station and while in motion, which custom was known to the defendants. Then follow the allegations of the negligence as alleged in the other counts.

BRICKELL & SMITH, for appellant.—The liability in this case is a joint liability.—*L. & N. v. Church,* 46 South. 457. The next question discussed by counsel is want of jurisdiction, but it is not deemed necessary to set it out. The compaint was not open to demurrer interposed.—*Selma S. & S. Ry. Co. v. Campbell,* 48 South. 378; *Armstrong v. Mont. St. Ry.,* 123 Ala. 244; *L. & N. v. Marbury,* 125 Ala. 237; *Russell v. Huntsville R. R. Co.,* 137 Ala. 628. There is a recognized difference between going upon platforms of ordinary coaches and the coaches of vestibuled trains. In the latter case a passenger is not negligent in availing himself of such platforms when necessary or convenient.—*Robinson v. Benefit Soc.,* 102 Am. St. Rep. 436; *Crandall v. Minn. Ry. Co.,* 2 L. R. A. (N. S.) 645; *Waggoner v. Wabash,* 94 S. W. 293; *Brownson v. Oaks,* 76 Fed. 734; *Northern Pac. v. Adams,* 116 Fed. 734; *Augusta Ry. Co. v. Glover,* 18 S. E. 408; *Highland A. & B. Ry. Co. v. Donovan,* 94 Ala. 299. A railroad company is liable for a failure to provide light when lights are necessary.—*A. G. S. v. Arnold,* 80 Ala. 600.

ALMON & ANDREWS, for appellee Southern Railway Company, and COOPER & COPPER, and CAMPBELL &

[Clanton v. Southern Railway Company, et al.]

JOHNSTON, for appellee Pullman Car Company.—Under the allegations of the complaint, if there was liability, it was that of the railroad company and not of the Pullman Company.—*Duvall v. Pullman Car Co.*, 62 Fed. 256; *Calhoun v. Pullman Co.*, 149 Fed. 545; 2 Hutchison on Carriers, Sec. 1130. Counsel insist that the court did not have jurisdiction of the cause of action, and that this question was properly raised by demurrer, and cite authorities in support not necessary to be here set out. Counsel insist that no duty was shown and, therefore, there was no negligence.—*Bridgeport v. Goodwin*, 132 Ala. 535; Sherman & Redfield on Negligence, Secs. 3-5. The plaintiff was guilty of contributory negligence proximately causing her injury.—*Much's Case*, 97 Ala. 197; *Mehaffey's Case*, 128 Ala. 255; *Stanton's Case*, 91 Ala. 382; *Chapman's Case*, 30 Ala. 615; *Arnold's Case*, 80 Ala. 600. If the rule is as contended for by appellant, railroad companies would be under the duty to keep both ends of the cars ready for the reception of passengers, and at the same time have a force at both ends for their protection. No such law prevails in this jurisdiction.—*Rateree v. Galveston Co.*, 81 S. W. 566; *St. Louis Ry. Co. v. Cox*, 29 S. W. 38; *Graham v. Penn. Ry. Co.*, 39 Fed. 596. If appellant had remained where she was placed and had not dared the darkness, she would not have been injured.—*A. G. S. v. Hawk*, 72 Ala. 112; *Ry. Co. v. Jones*, 95 U. S. 439.

SAYRE, J.—It is negligence, except under special circumstances to stand upon the platform of a car of a rapidly moving commercial railroad train. The inevitable lurching and jerking of a train so propelled makes the danger obvious to the ordinary understanding and the negligence self-evident. Modern vestibuled trains

are so constructed as to make it convenient and invite passage from car to car. To minimize the danger, a lid or drop floor is provided, which is let down over the steps when the train is in motion, thus in effect extending the platform to the side of the car. The nature of the contrivance is such that it obstructs all passage between the car and ground when left down. The necessary result is that while the train is standing at a station to take on or discharge passengers, during which time employés engaged in operating the train and providing for its safety pass on and off, no rule of prudence, in the absence of special circumstances, requires that the lid, or drop door, or extension platform, be kept down.

The complaint shows that the plaintiff went upon her car—a sleeping car—as a passenger after night, and, having safely gotten aboard and into her appointed place, while yet the train was standing at the station, went out upon the rear platform, and was injured by falling down the steps. No occasion for her presence upon the platform is shown, except that in some of the counts it is alleged that the car was hot and uncomfortable. She went upon the platform, as we must infer, not to pass between cars, nor between her car and the ground; but she went there to be there. She charges her injury to the negligence of the defendants, in that the lid or drop door over the steps was raised, and there was no light in the vestibule, whereby she was enabled to know that fact. Plaintiff states the particular facts upon which she bases her charge of negligence. Upon them it must rest.

No defect in the construction or condition of the platform and steps is alleged, except that the drop door was raised, and no light provided in the vestibule. Plaintiff was not using the steps. Her case is that, standing up-

[Clanton v. Southern Railway Company, et al.]

on the platform, she fell down the steps, because they were not covered. She asks the court to say that as matter of law the drop door ought to have been left down, or a light should have been so placed as to advise her of the fact that it was up. The nature of the device, as we have seen, excludes the first alternative conclusion. Nor can we say as matter of law, under the conditions described, that a light should have been maintained in the vestibule, nor are the pleadings so framed as to make that a question for the jury; or, if that were an uncertain question, we think we must say that, in any event, the plaintiff, being informed, as she must be held to have been, of the obvious purpose alike of steps and drop door, and their reasonable use while the train was stationary, and being also necessarily informed of the danger of her environment caused by the absence of a light, the latter itself a patently obvious fact, she cannot recover on the case she states, because she was either guilty of contributory negligence, or assumed the risk, when she went upon the platform under the circumstances then and there obtaining. It will be noted that we say nothing of the duty of railroad companies to maintain lights at stations.

If, however, the defendants induced plaintiff to believe that the drop door would remain down while the train stopped at the station, a different case would be presented, and plaintiff attempts to state such a case in one or more counts. The averment is that the platform was commonly used as an observation platform, and that the passengers on said car were accustomed to go upon said platform at their will, both while said train was standing at station and while in motion, which custom was known to the defendants. We observe here no averment that the platform was constructed for the purpose of serving as an observation

platform. The averment is nothing more, indeed, than that the passengers on that car were in the habit of resorting to the platform, a habit known to the defendants. Such habit, without more, without acquiescence of the defendants, shown by keeping the drop door down at stations, though known, could not impose upon them the duty to forego the ordinary use of the appliances of the train, nor relieve the plaintiff of the assumption of the risk suggested by a known environment.

We find nothing to the contrary of what we have said in the cases which have been brought to our notice. They are all cases in which passengers received injury by reason of the fact that the drop doors of vestibuled cars were left up while the train was in progress between stations. *Crandall v. M., St. P. & S. S. M. Rwy. Co.*, 96 Minn. 434, 105 N. W. 185, 2 L. R. A. (N. S.) 645, 113 Am. St. Rep. 653, and the cases discussed in the appended case note are relied upon. In that case plaintiff's aunt, in whose charge he was, had the express assurance of an employe of the railroad company that the platform was a safe place for the child with her, a boy only seven years old, as everything was securely fastened. Thereupon she permitted the boy to go upon the platform, from which he fell through the open door and was injured. The ruling was that the defendant was not bound to have the car vestibuled; but, having done so, it could not lead passengers to believe that the doors of the vestibule would be kept closed between stations, and then negligently leave them open, without incurring liability to a passenger injured thereby. That hardly seems a debatable case; certainly it does not sustain plaintiff's position in the case at bar. —*Bronson v. Oakes*, 76 Fed. 734, 22 C. C. A. 520, and *N. P. R. R. Co. v. Adams*, 116 Fed. 324, 54 C. C. A. 196, proceed upon an identical principle. We are in full ac-

cord with these cases, but are unable to see that they give comfort to the appellant.

The judgment of the court below, sustaining a demurrer to each count of the complaint, must be affirmed.

Affirmed.

DOWDELL, C. J,. and ANDERSON and MAYFIELD, JJ., concur.

