## Rager, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Passenger—Standing on platform—Contributory negligence.*

Where a passenger stands on the platform of a vestibule car when there is standing room inside the car, and vacant seats in the forward car, and is asked by the brakeman to go inside, but declines to do so, and shortly thereafter, when the doors are opened upon approaching a

station, the passenger falls from the car in some unexplained way, no damages can be recovered from the railroad company for his death resulting from the fall.

Argued Oct. 3, 1910. Appeal, No. 74, Oct. T., 1910, by plaintiffs, from order of C. P. Cambria Co., Sept. T., 1908, No. 447, refusing to take off nonsuit in case of Sarah A. Rager et al. v. The Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband.

The opinion of REED, P. J., specially presiding, stated the circumstances of the accident to be as follows:

The deceased with a number of others attended a celebration of some kind at Johnstown, Pa., the evening of October 31, 1907. They resided at South Fork, a short distance from Johnstown, and returned home on the train leaving Johnstown shortly after eleven o'clock that night. It was a vestibule train and the coaches were more or less crowded. The evidence, however, failed to show the number of cars composing the train, or whether all were crowded or not. The deceased entered the train between the first and second coaches, and with several others remained in the vestibule between these two coaches. He made no effort to enter either coach, but remained in the vestibule until the time of the accident which resulted in his death. He with the others standing in the vestibule, shortly after the train left Johnstown, was requested by the brakeman in charge of the first and second coaches to go inside, but the request was not complied with. When the train was nearing the South Fork station the brakeman asked the deceased and others who were standing on the trapdoor in the vestibule next the second coach to get off the trap so that he could open the door. They moved off and the brakeman opened the floor and outside doors preparatory for the discharge of passengers at the station which the train was approaching. The doors

on the station side were opened both at the rear end of the first coach and at the front end of the second coach, and when opened the train was within about one-half mile of the station. At the rate it was running, it would take about one minute to reach the station. After opening these doors the brakeman was required to pass through the second coach and make similar preparations for the discharge of passengers by opening the doors between the rear end of the second and the front end of the third coaches. The accident occurred immediately after the brakeman opened the floor and outside doors at the front end of the second coach. None of the witnesses explained just how it happened.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*John H. Stephens,* with him *M. B. Stephens,* for appellants.

*H. W. Storey,* for appellee.

PER CURIAM, January 3, 1911:

A nonsuit was entered on the following state of facts developed by the plaintiff's testimony. Her husband was a passenger on a train composed of vestibule cars, and stood on the front platform of the second car, when there was standing room inside the car, and vacant seats in the first car. He was asked by the brakeman in charge of these two cars to go inside, but declined to do so. When the train was half a mile from a station, at which it was to stop, he and others who were standing on the platform, were asked by the brakeman to step off of the floor door that covered the steps. This request was complied with, and the brakeman raised the floor door and opened the outside door. Immediately thereafter the plaintiff's husband fell from the train and was killed. What caused

him to fall did not appear. He rode on the platform, not from necessity, but from choice, when there was room inside the cars, and he disregarded the request of the brakeman to go inside and he remained on the platform when he knew the doors were open; he fell from some cause unexplained.

Under these circumstances there was no ground upon which the defendant could have been held liable for his death: Hopkins v. Railroad Co., 225 Pa. 193. It provided a place in which he could ride in safety, and it did nothing except that which was necessary in the operation of its train, to increase the risk that he had voluntarily assumed.

The judgment is affirmed.