# Shive, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—Passenger—Contributory negligence—Standing in car.*

In an action by a passenger against a railroad company to recover damages for personal injuries, a non-suit is properly entered, where the evidence shows that immediately prior to the accident the plaintiff took his stand in the open doorway of a car with his back to the interior of the car and with one hand on the doorjamb and the other holding an umbrella; that the car was crowded beyond its seating capacity, but that the car immediately next to the one in which plaintiff was riding and which he could have entered by stepping across the platform contained no passengers; that shortly after the train started it passed a switch or another track, and the car on which plaintiff was a passenger was jolted, not however to any unusual degree, but nevertheless to a degree sufficient to cause passengers within the car and standing next to the plaintiff to press against him, as a result of which he fell from the car to the ground.

Argued Jan. 9, 1912. Appeal, No. 234, Jan. T., 1912, by plaintiff from order of C. P. No. 4, Phila. Co., June T., 1908, No. 6085, refusing to take off non-suit in case of Nathan W. Shive v. Philadelphia & Reading Railway Company. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARR, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

At the trial the court entered a compulsory non-suit which it subsequently refused to take off.

*Error assigned* was refusal to take off non-suit.

*Peter M. MacLaren,* with him *Walter H. Fenimore,* for appellant.—When a passenger is injured either by

anything done or omitted by a railroad company or its employees or by anything connected with the means or appliances of transportation, the mere happening of the injury raises a prima facie presumption of negligence and throws upon the company the burden of proving that such injury was in no way the result of its negligence: Tilton v. Philadelphia Rapid Transit Company, 231 Pa. 63; Laing v. Colder, 8 Pa. 479; Hatch v. Ry. Co., 212 Pa. 29; Penna. R. R. Co. v. Hope, 80 Pa. 373.

It was for the jury to determine whether the passenger in this case occupied the position he did from necessity or from choice: Camden and Atlantic R. R. Co. v. Hoosey, 99 Pa. 492; Creed v. P. R. R. Co., 86 Pa. 139; Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600; Rager v. Penna. R. R. Co., 229 Pa. 335.

*Wm. Clarke Mason,* for appellee.—The plaintiff's evidence fails to show that the defendant operated the train in a careless and reckless manner, as averred in the plaintiff's statement of claim, and therefore the non-suit was justified: Herstine v. R. R. Co., 151 Pa. 244; Cline v. Rys. Co., 226 Pa. 586; Levin v. R. R. Co., 228 Pa. 266; Sutton v. R. R. Co., 230 Pa. 523.

The plaintiff was guilty of contributory negligence in placing himself in a position of obvious danger: Camden & Atl. R. R. Co. v. Hoosey, 99 Pa. 492; Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600; Hopkins v. R. R. Co., 225 Pa. 193; Giovanelli v. R. R. Co., 228 Pa. 33.

OPINION BY MR. JUSTICE STEWART, March 18, 1912:

The injury plaintiff sustained is traceable directly to the dangerous position he occupied on the car on which he was a passenger. He was not within the car, but was standing in the open doorway with his back to the interior of the car with one hand resting on the door-jamb, while in the other he was holding an umbrella. While in this position the train started. It had proceeded but a short distance when passing a switch or

crossing. another track than its own—it does not clearly appear which—the car on which plaintiff was a passenger was jolted, not however to any unusual degree, but nevertheless to a degree sufficient to cause passengers within the car and standing next to the plaintiff to press against him. By this pressure he was forced from his position out upon the platform, and in his effort to take hold of the railing of the car he fell to the ground. The negligence complained of was that the defendant company by its servants in charge operated the train in such a reckless and careless manner that at or when the point where the tracks crossed Race street, the plaintiff without fault or contributory negligence on his part, was violently jolted and thrown from his position on the car upon the track. It is quite sufficient to say with respect to the negligence here alleged, that there was no evidence in the case to support the charge. It cannot be pretended that the accident occurred through any defect in any of the means of transportation or that these or any of them were being employed in a negligent way. So far as appears from the evidence, there was not a circumstance in the case indicating that anything had occurred in connection with the operation and management of the train or in its movement, that was not necessarily incident under the most skillful direction with the most approved equipment. Had the negligence charged been failure on part of the company to provide the plaintiff with a safe place in which to ride, in consequence of which the injury resulted, the case would not have been so entirely naked of facts tending to support the charge, for, accepting the testimony offered as correct, the car on which plaintiff rode was crowded beyond its seating capacity, and its aisles so filled with passengers standing, that plaintiff could advance no further than the door. Unquestionably injury happened to him because of the position he occupied; but was he in that position because the company had allowed him no other accommodation? He does

not so testify. He says that there was a passenger coach in the rear of the one on which he was riding which contained no passengers. He made no attempt to enter that car either before or after he made the discovery that the first car was crowded. He nowhere gives any reason for not seeking a safer place than the one he occupied; nor does he mention a single obstacle or circumstance that stood in the way of his finding a seat in the car to the rear. So far as appears a step or two across the connected platform of the two cars would have placed him where this accident at least could not have happened. The testimony not disclosing any necessity for his occupying the position he did, and remaining in it, the lack of such evidence was not to be supplied by conjecture on the part of the jury. For the injury that resulted he was without cause of action.

The assignments of error are overruled, and the judgment is affirmed.