## Sulger v. Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Passenger—Excursion train—Refreshment car—Contributory negligence.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, where it appeared that the deceased has been a passenger upon an excursion train of the defendant company, that the train consisted of nine passenger coaches and a baggage car placed in the centre of the train, which was fitted up as a place to get drinks and secure refreshments for the excursionists, that the defendant's employees knew that the excursionists made use of the baggage car for the purpose intended, and that deceased while passing from one of the passenger cars to the baggage car was thrown from the car and killed by the lurching of the train as it passed around a curve, the case was held to be for the jury and a verdict and judgment for the plaintiff was sustained.

Argued March 25, 1914. Appeal, No. 23, Jan. T., 1914, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1910, No. 1925, on verdict for plain-

tiff in case of Virginia Grace Sulger v. Philadelphia & Reading Railway Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before ORMEROD, P. J.

Plaintiff's husband, while a passenger upon an excursion train operated by the defendant railway company and while passing from the rear platform of a passenger coach to a baggage car fitted up as a refreshment car was thrown through the lurching of the train while taking a curve and was killed. There was no safe passageway into the refreshment car. Other facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $7,000, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were refusal to direct a verdict for the defendant and refusal to enter judgment for defendant non obstante veredicto.

*Wm. Clarke Mason,* for appellant.—The accident did not result from negligence imputable to the defendant: Trout v. Electric Co., 236 Pa. 506; Willis v. Armstrong County, 183 Pa. 184; Riedenauer v. McMahon, 240 Pa. 179; Thubron v. Contracting Co., 238 Pa. 443.

The deceased was guilty of contributory negligence: Lerner v. Philadelphia, 221 Pa. 294; Hopkins v. Railroad Co., 225 Pa. 193; Camden & Atl. Railroad Co. v. Hoosey, 99 Pa. 492; Thane v. Traction Co., 191 Pa. 249; Rager v. Railroad Co., 229 Pa. 335; Shive v. Railway Co., 235 Pa. 256; Stewart v. Railroad Co., 146 Mass. 605.

*Thomas A. Fahy,* with him *Walter T. Fahy* and *Lawrence F. McOwen,* for appellee.—The defendant was negligent in failing to equip its cars with appliances for the protection of passengers: Laing v. Colder, 8 Pa. 479; Kammerdiener v. Rayburn Twp., 233 Pa. 328; Ameri-

can Steamship Co. v. Landreth, 108 Pa. 264; Warren v. Pittsburgh & B. Ry. Co., 243 Pa. 15; Boston & M. R. Co. v. Stockwell, 146 Fed. Repr. 505; Grand Trunk Railway Co. v. Ives, 144 U. S. 408; Robinson v. Chicago & Alton R. R. Co., 135 Mich. 254; Dennis v. Railroad Co., 165 Pa. 624.

The deceased was not guilty of contributory negligence: Penna. R. R. Co. v. Weber, 76 Pa. 157; Weiss v. Railroad Co., 79 Pa. 387; Graham v. Penna. Co., 139 Pa. 149.

OPINION BY MR. JUSTICE ELKIN, April 20, 1914:

After a careful review of this record we have concluded that the case was for the jury both as to the negligence of the defendant company and as to the contributory negligence of the deceased husband. The excursion train upon which the accident occurred was made up of nine passenger coaches and a baggage car, the latter having been fitted up by appellant for the use of excursionists as a place to get drinks and secure refreshments. The baggage car thus fitted up was placed in the center of the train for the more convenient access of passengers entering it from either end. This was a plain invitation to the passengers to make use of the baggage car as a proper place to secure refreshments. That the excursionists did make use of it for the purpose intended, was known to the conductor, brakeman and other employees in charge of the train. When the defendant company thus equipped the baggage car, and provided accommodations for securing refreshments in that car, and the employees in charge of the train recognized without objection the use made of the car by the excursionists, it cannot now be heard to say that no duty rested upon it to provide a safe passageway to and from the car for passengers who availed themselves of the privileges which the defendant company evidently intended them to enjoy. In Robinson v. Railroad Co., 135 Mich. 254, the rule applicable to such a case is stated as

follows: "That the railroad company having placed a dining car to the rear of the train and invited its passengers to go to and from it, and failing to provide them with a safe passage from one car to another, it could not escape liability for its failure so to do." Many other cases might be cited to the same effect. This rule which is founded upon common sense and human experience is as it ought to be of almost universal application in this country. In the present case there was abundant evidence to carry the case to the jury on the question of the failure of the railroad company to properly guard the approaches to the baggage car and to provide a safe passageway for passengers who entered it upon what must be deemed an invitation to make use of it as a place for securing refreshments.

As to the contributory negligence of the deceased husband the case is not so clear. It is very ably argued for appellant that the danger of passing from the coaches to the baggage car was open and obvious, and that excursionists who availed themselves of the privileges afforded took the risk which must have been apparent to them. Upon this ground the trial judge was requested to direct a verdict for the defendant, and the court in banc was subsequently asked to enter judgment non obstante veredicto upon the whole record. This argument is plausible but not convincing. It is only in clear cases where the facts are undisputed and but one inference can be drawn from them, that the injured party can be declared guilty of contributory negligence as a matter of law. This is not such a case. The passengers had the right to assume that the railroad company had done its duty in providing a safe passageway to the baggage car and could rely on this assumption in the absence of notice of the defects about which complaint is here made. There is no evidence of notice to the deceased husband that the platform of and approaches to the baggage car were not properly guarded, or that the place was not safe for the use of passengers, and what knowledge he had of exist-

ing conditions is a matter of conjecture. Under all the circumstances disclosed by the testimony the case is not so clear as to warrant the court in declaring as a matter of law that the deceased husband was guilty of contributory negligence. The most favorable view that can be taken of the contention of appellant is that the contributory negligence of the deceased husband was for the jury. This question was left to the jury with instructions by the trial judge as to which the defendant company cannot justly complain. Our conclusion is that the case was for the jury upon all questions involving the liability of the railroad company and that there was no reversible error in the submission.

Judgment affirmed.