# De Marchi *v.* Central Railroad Co., Appellant.

*Practice, Supreme Court—Appeals—Record—Omitted evidence —Review of rulings affected thereby.*

1. Where all the evidence used in the court below is not presented to the appellate court, rulings which may have been affected by the omitted evidence cannot be reviewed by the appellate court.

*Negligence—Presumption — Common carrier — Means of transportation—Appliances—Injury to passenger.*

2. A presumption of negligence arises against a common carrier where a passenger is injured by reason of defective appliances or lack of appliances, or by something appertaining to the means of transportation.

*Negligence—Contributory negligence—Passenger thrown from moving train while going to smoking or dining car—Duty of carrier to protect passenger—Guards between cars—Assumption of risk.*

3. It is not negligence per se to pass from car to car of a moving train in order to reach a smoking or dining car forming part of the train.

4. It is the duty of the carrier to take necessary precautions to protect passengers from injuries while passing from car to car under such circumstances.

5. Passengers have a right to assume the carrier has performed its duty in that regard.

6. Passengers knowing of the absence of guards or chains between passenger cars, do not assume the risk of an extraordinary jerk, caused by a faulty condition of the track, when passing from car to car in order to reach a dining or smoking car. The carrier is bound to know the condition of the roadbed and guard against the occurrence of such extraordinary jerks due thereto, but the passenger, being ignorant of that condition, is not bound to anticipate them.

Argued March 11, 1919. Appeal, No. 298, Jan. T., 1919, by defendant, from judgment of C. P. Carbon Co., Jan. T., 1917, No. 3, upon a verdict for plaintiff in the case of Filomena R. De Marchi v. Central Railroad Company of New Jersey. Before Brown, C. J., Stewart, Frazer, Walling and Simpson, JJ. Affirmed.

Action in trespass to recover damages for death of plaintiff's husband. Before Barber, P. J.

Verdict for plaintiff for $19,500. Upon plaintiff remitting the amount of verdict in excess of $14,500 judgment was entered for that amount. Defendant appealed.

*Errors assigned* were (1) the charge of the court, quoting it as below, (2) refusing request for binding instructions for defendant, (3) overruling defendant's motion for judgment n. o. v.

*Jacob C. Loose,* for appellant.—The mere fact that guard rails or chains might be put on open-platform cars

to prevent passengers from falling off, where none had been devised and there was no evidence of any such having ever existed, does not convict the defendant of negligence in failing to provide them: Farley v. Phila. Traction Co., 132 Pa. 58; Denver & R. G. R. Co. v. Andrews, 53 Pac. 518; Traphagen v. Erie Ry. Co., (N. J.) 64 Atl. 1072.

A mere guess or conjecture respecting the rate of speed was not sufficient to establish it: Smith v. Holmesburg, etc., Electric Ry. Co., 187 Pa. 451; Knox v. P. & R. Ry. Co., 202 Pa. 507; Keiser v. Lehigh Valley R. Co., 212 Pa. 409; Presser v. Dougherty, 239 Pa. 312.

Where the injury is chargeable to the manner of construction of the car, the rule (as to the presumption of negligence) does not apply if the accident is to the passenger and not to the car: Farley v. Traction Co., 132 Pa. 58; Cline v. Pittsburgh Rys. Co., 226 Pa. 591.

*Ben Branch,* of *Freyman, Thomas & Branch,* for appellee.—The mere happening of an injurious accident raises, prima facie, a presumption of neglect, and throws upon the carrier the onus of showing it did not exist: Laing v. Colder, 8 Pa. 479; Meier v. Penna. R. R. Co., 64 Pa. 225; Penna. R. R. Co. v. MacKinney, 124 Pa. 462; Thomas v. P. & R. R. Co., 148 Pa. 180; Palmer v. Warren St. Ry. Co., 206 Pa. 574; Fox v. Phila., 208 Pa. 127; Cline v. Pittsburgh Rys. Co., 226 Pa. 586; Sutton v. Penna. R. R. Co., 230 Pa. 523; Burns v. Penna. R. R. Co., 233 Pa. 304; Fern v. Penna. R. R. Co., 250 Pa. 487; Paynter v. Atlantic City R. R. Co., 62 Pa. Superior Ct. 455.

The deceased was not guilty of contributory negligence: McAfee v. Huidekoper, 34 L. R. A. 720; Notes 34 L. R. A. 720 and 37 L. R. A. (N. S.) 518; Camden Ry. Co. v. Hoosey, 99 Pa. 492; Shive v. Phila. & Reading Ry., 235 Pa. 256; O'Donnell v. Allegheny Val. R. Co., 59 Pa. 239; Roberts v. Penna. R. R. Co., 238 Pa. 404; Sulger v. Phila. & Reading R. R., 245 Pa. 128.

OPINION BY MR. JUSTICE SIMPSON, April 14, 1919:

Plaintiff sued on behalf of herself and her minor children to recover damages for the negligent killing of her husband, the verdict and judgment were for plaintiff and defendant appeals.

On September 10, 1916, Antonio De Marchi, husband of plaintiff, was a passenger on one of defendant's excursion trains from Jersey City to Mauch Chunk and return. The train consisted of a fast freight locomotive, followed in order by a combination baggage and smoking car and eight open platform coaches of the kind ordinarily used before vestibuled trains were built.  On the way to Mauch Chunk, decedent was in the third car from the locomotive; he lit a cigar and was told by one of defendant's employees: "You cannot smoke here; if you want to smoke go into the first car."   Decedent thereupon went to the smoking car and remained there until the train reached Mauch Chunk.  On the return trip he was again in the third car, with his wife and two children, he took out a cigar holder and cigar, told his wife he was going forward to the smoking car, and while on the way there he was thrown from the platform of the car and killed.   At that time the train was traveling rapidly, without diminution of speed, around a curve near Catasauqua.  The curve was slightly over four degrees, and defendant's witnesses say it is not usual to slacken speed in passing around one of so slight a curvature.  At the trial defendant proved the accuracy of, and offered in evidence, a map which showed, as plaintiff alleges, that at this curve there were crosstracks, frogs and switches, and that the curve commenced earlier at one rail than at the other, thereby making it a particularly dangerous one, requiring a diminution in speed and care in rounding it. She also alleges defendant was requested to furnish a copy of the map that she might add it to her paper-book. It was not furnished, however, nor was it made part of defendant's paper-book or attached to the record, or presented to this court.  We cannot, therefore, review the

action of the court below on questions of fact which might be affected by this map: Robinson v. Fulton, 262 Pa. 265.

The assignments of error raise but two questions. The first complains because the court below said that in the case of common carriers "when an accident happens which is caused by defective appliances or lack of appliances, or something appertaining to the means of transportation, then a presumption of negligence arises, and it is incumbent upon defendants to show they used every precaution which man's skill, care and foresight could provide." It would be alike an affectation of learning and a waste of time and space to multiply authorities to prove this statement of the law to be correct. It has been so held at least since Laing v. Colder, 8 Pa. 479.

The only other objections are because the court below refused defendant's point for binding instructions and dismissed its motion for judgment non obstante veredicto, and thereunder defendant contends the proof did not show it was negligent, but did show decedent was guilty of contributory negligence. What we have already said disposes of the first of these contentions. Not having received all the evidence which may have affected this question, we cannot convict the court below of error in leaving it to the jury. Defendant certainly was negligent if decedent was killed by being thrown from the train at a curve which, in view of a faulty condition of the track, it was dangerous to round at the rate of speed at which this train was traveling.

Nor can we determine as a matter of law the court below erred in refusing to give binding instructions on the ground of contributory negligence, unless we are prepared to say merely going on the platform of the car was negligence per se. This is not our view. So far as we are aware, no well considered authority so decides where, as here, there was an implied invitation to go to a smoking or dining car: See notes to McAfee v. Huidekepper, Receiver, etc., 34 L. R. A. 720, and to Auld v. Southern Ry.

Co., 37 L. R. A. (N. S.) 518. Moreover, the question is not an open one with us.

In Sulger v. Phila. & Reading Ry. Co., 245 Pa. 128, which in all essential particulars is similar to the present case, decedent, owing to a lurch of the train, was thrown from an unguarded platform while passing to a baggage car used as the refreshment car of the train. We said: "The passengers had the right to assume that the railroad company had done its duty in providing a safe passageway to the baggage car, and could rely on this assumption in the absence of notice of the defects about which complaint is here made. There is no evidence of notice to the deceased husband that the platform of and approaches to the baggage car were not properly guarded, or that the place was not safe for the use of passengers, and what knowledge he had of existing conditions is a matter of conjecture. Under all the circumstances disclosed by the testimony the case is not so clear as to warrant the court in declaring as a matter of law that the deceased husband was guilty of contributory negligence."

Moreover, as bearing on both questions, there is evidence the risk in this case was not an ordinary one. Plaintiff's witnesses say there was so violent a lurch when the train struck the curve at which decedent was thrown from the car, the ice was thrown out of the ice cooler and across the car, and the passengers, in order to save themselves, had to hold tightly to the backs of their seats, some having their feet thrown from under them and up into the air. Defendant's engineer testified rounding such a curve would not result in any jerk of the car if "all conditions are favorable." Hence the jury could well have found the jerk was an unusual one, caused by the condition of the roadbed at the curve, which defendant, having knowledge of the track, should have guarded against, and which decedent, being ignorant of, was not required to anticipate.

The judgment is affirmed.