## Delaney, Appellant, *v.* Buffalo, Rochester & Pittsburgh Railway Co.

*Negligence—Railroads—Passengers—Lurch of train on curves —Risk of travel—Presumption—Res ipsa loquitur.*

1. A railroad company is not liable for injury to a passenger on a fast train by the lurching of the train due to sharp curves in the track caused by the configuration of country, if the track is well constructed and the train properly operated under the circumstances of the case; as the risk of such injury is an incident of travel assumed by the passenger.

2. An injury to a passenger raises no presumption against the carrier unless the accident is connected in some way with the means of transportation.

Argued October 15, 1919.  Appeal, No. 57, Oct. T., 1919, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1917, No. 1881, for defendant n. o. v. in case of Eva Delaney v. Buffalo, Rochester & Pittsburgh Railway Company.  Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Trespass for personal injuries.  Before SHAFER, P. J.

At the trial the jury returned a verdict for plaintiff for $2,000.  Subsequently the court entered judgment for defendant n. o. v.  Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellant.—Where the motion of a train or conveyance is unusual, the case is for the jury: Sulger v. Phila. & Reading Ry., 245 Pa. 128; De Marchi v. Central R. R. Co., 264 Pa. 321; Cline v. Pittsburgh Ry. Co., 226 Pa. 586; Tilton v. Phila. Rapid Transit Co., 231 Pa. 63; Kleine v. Pittsburgh Rys. Co., 252 Pa. 214; Sanson v. Phila. Rapid Transit Co., 239 Pa. 505; Murray v. Phila. & Reading Ry. Co., 249 Pa. 126; Dixey v. Phila. Traction Co., 180 Pa. 401; Gould v. Atlantic City R. R. Co., 68 Pa. Superior Ct. 431.

*J. M. Wright,* of *Wright, Chalfant & McCandless,* for appellee.—To furnish ground for an action against a railroad company for injuries to a passenger from the swaying of a car, it must appear that the swaying was more than is ordinarily to be expected, and that it was due to a defect in the car or track, a negligent or dangerous rate of speed, or some other cause for which the company can be held responsible: Penna. R. R. Co. v. MacKinney, 124 Pa. 462; Spear v. R. R. Co., 119 Pa. 61; Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244; Cline v. Pittsburgh Rys. Co., 226 Pa. 586; Janock v. B. & O. R. R. Co., 252 Pa. 199; Gould v. Atlantic R. R. Co., 68 Pa. Superior Ct. 432; Panek v. Scranton Ry. Co., 258 Pa. 589; Murray v. Phila. & Reading Ry. Co., 249 Pa. 126; Uffelman v. Phila. Rapid Transit Co., 253 Pa. 394; Kleine v. Pittsburgh Rys. Co., 252 Pa. 214; Fornwalt v. Phila. Rapid Transit Co., 65 Pa. Superior Ct. 559; DeBouvier v. Penna. R. R. Co., 264 Pa. 443; Norfolk & Western Ry. Co. v. Birchett, 252 Fed. 512; Norfolk & Western R. R. Co. v. Rhodes, 109 Va. 176; Nelson v. Lehigh Valley R. R. Co., 25 App. Div. (N. Y.) 535; Ozanne v. Illinois Central R. R. Co., 151 Fed. 900; Partelow v. Newton & Boston St. Ry. Co., 196 Mass.

24; Foley v. Boston & Maine R. R. Co., 193 Mass. 332; C. & O. Ry. Co. v. Needham, 244 Fed. 146; Olund v. Worcester Consolidated St. Ry. Co., 206 Mass. 544; Wilder v. Metropolitan St. Ry. Co., 41 N. Y. Supp. 931.

OPINION BY MR. JUSTICE WALLING, January 5, 1920:

This appeal is by plaintiff from an order entering judgment for defendant n. o. v., in an action for personal injuries to a passenger. On May 5, 1917, plaintiff, Eva Delaney, accompanied by a girl friend, took passage at Pittsburgh to go to Du Bois on defendant's train known as the Buffalo flyer. As it approached Vallier's curve, near Punxsutawney, plaintiff was just resuming her seat in the observation car, when a sudden lurch caused her to fall upon her knees in the aisle and to strike her head and shoulders against the revolving chairs on the opposite side of the car, causing personal injury.

The trial judge properly entered judgment for defendant on the ground that there was no evidence of defendant's negligence, except the happening of the accident, which of itself did not justify a recovery. So far as this question has come before the American courts it has been held with practical unanimity that a railroad company is not liable for injury to a passenger on a fast train by the lurching of the train due to sharp curves in the track caused by the configuration of country, if the track is well constructed and the train properly operated under the circumstances of the case; as the risk of such injury is an incident of travel assumed by the passenger: Chesapeake & Ohio Ry. Co. v. Needham, 244 Fed. 146. This case is also reported in L. R. A., 1918 A, p. 1169, where a valuable note is found (p. 1171) referring to numerous cases. In the present case no defect was shown in the appliances of transportation, or manner of operation; on the contrary, it affirmatively appeared that the track, train and all appliances were in first class condition and the operation free from fault, and nothing happened to the track or train; so the bur-

den of proving negligence rested upon the plaintiff, and it was not met. An injury to a passenger raises no presumption against the carrier unless the accident is connected in some way with the means of transportation: Herstine v. Lehigh V. R. R. Co., 151 Pa. 244; Cline v. Pittsburgh Rys. Co., 226 Pa. 586; Thomas v. Phila. & Reading R. R. Co., 148 Pa. 180. And the situation is not changed by the fact that plaintiff's evidence describes the lurch or jolt as "terrific." That a passenger fell from her chair from the mere movement of the car of a fast train does not make out a prima facie case of negligence; and her mere characterization of the movement as a terrific or violent lurch adds nothing from which negligence can be legitimately inferred: Norfolk & W. Ry. Co. v. Birchett, 252 Fed. 512. See also Ozanne v. Illinois Cent. R. Co., 151 Fed. 900; and Uffelman v. Phila. R. T. Co., 253 Pa. 394. There is no presumption of negligence arising from the use of the words "sudden jerk": Fornwalt v. Phila. R. T. Co., 65 Pa. Superior Ct. 559. The jolt here could not have been so much out of the ordinary as nothing happened to the dishes in the buffet end of the car and no other person was disturbed. A presumption of want of care on part of the railroad company is not justified by such an accident: Wilder v. Metropolitan St. Ry. Co., 41 N. Y. Supplement 931. For it is well settled that, "The rule of Laing v. Colder, 8 Pa. 481, and other like cases, that a presumption of negligence on the part of the carrier arises when a passenger is injured in the course of transportation, cannot be invoked without evidence tending to connect the carrier, or its employees, or some of the appliances of transportation, with the happening of the injury": Penna. R. Co. v. MacKinney, 124 Pa. 462. It is a matter of common knowledge that cars will lurch in rounding curves and to recover for an injury to a passenger resulting therefrom it must appear that such lurch was caused by some negligent act or omission on part of defendant. An examination of our cases shows that where a recov-

ery has been sustained for such injury there was evidence that the jolt or lurch was the result of negligence. For example, in the very recent case of De Marchi v. Central R. R. Co., 264 Pa. 321, the evidence tended to show that the train was rounding a curve at a dangerous rate of speed considering the faulty condition of the track, and also that the passageway from which the deceased fell was unguarded. Sulger v. Phila. & Reading Ry. Co., 245 Pa. 128, is also a case of an unguarded platform where passengers were impliedly invited to go.

It is the duty of a railroad or street car company to exercise due care in the starting and stopping of passenger cars, and where they are started with such a sudden jerk or stopped so abruptly as to injure passengers it is evidence of a negligent operation and calls upon the carrier for an explanation. For it is something that is not expected under normal conditions and careful management, whereas the lurching of a car is an ordinary incident of travel. In Kleine v. Pittsburgh Rys. Co., 252 Pa. 214, there was evidence of an abrupt stop so sudden and severe as to throw plaintiff from the car, which made the question of negligent operation for the jury, as was also, under the evidence, the question of the severity of the jolt. To like effect see Tilton v. Phila. Rapid Trans. Co., 231 Pa. 63; Murray v. Phila. & R. Ry. Co., 249 Pa. 126; Holmes v. Allegheny Traction Co., 153 Pa. 152. In those cases the defendant was prima facie liable for the result of a severe jolt caused by the abrupt stop; but the carrier is not liable for the effect of a severe lurch caused by rounding a curve, except on proof that the lurch resulted from its default; and such default is not shown merely because the lurch was greater than usual. In Sanson v. Phila. Rapid T. Co., 239 Pa. 509, a recovery was sustained because the evidence tended to support plaintiff's contention that the car suddenly made an extraordinary jump forward after it had slowed down apparently for him to alight. A recovery was also sustained in Gould v. Atlantic City R. R. Co., 68 Pa.

Superior Ct. 431, where the evidence for plaintiff was to the effect that the cars were coupled without warning and with such extraordinary force as to throw him violently from his seat, resulting in hernia. The manner of coupling passenger cars is within the carrier's control and the same rule applies there as in case of starting and stopping cars; but where a passenger is injured by the lurching of a car in passing over a curve and avers that it resulted from excessive speed, the burden of proving that fact rests upon him. In the language of present Chief Justice BROWN in Cline v. Pittsburgh Rys. Co., 226 Pa. 586, 589, "If the car was moving at a proper and safe rate of speed in passing over the curve, there was no act of negligence on the part of appellant's employee to which the jerk or lurch can be attributed. The burden was, therefore, upon the plaintiff to show that the car had been run at an improper and unsafe rate of speed, which was responsible for throwing his body over the guard rail. Cars when passing from a straight line to a curve, are always more or less jerky, but if a jerk is inevitable at a proper and safe rate of speed, a common carrier is not responsible for exceptional injuries resulting from it. Its cars must continue to run on the curve as well as on the straight line, its only duty being to run them at a proper and safe rate of speed over the curve."

In the present case there was no violent starting or stopping or undue speed shown or any facts to come within the line of cases applicable thereto, and nothing so extraordinary occurred as to bring the case within the rule of res ipsa loquitur. In Dixey v. Phila. Traction Co., 180 Pa. 401, the facts were different; there, plaintiff was injured while riding on a trailer attached to a cable car and her evidence was that the trailer seemed to leave the track and go so roughly as to throw the passengers forward and back and then to be pulled back on the track by the other car, and it was held that the accident, the injury and the circumstances under

which it occurred, as detailed by plaintiff, were sufficient to raise a presumption of negligence. But it is there held that a passenger takes the risk of injury caused by the usual jolting and irregular motion of a cable car. In Panek v. Scranton Ry. Co., 258 Pa. 589, the trolley car was crowded and plaintiff was one of some ten passengers standing on the rear platform, from which he was thrown by a sudden lurch of the car as it rounded a curve—according to some of the evidence, at twenty-five miles an hour. We there held the question of the motorman's negligence was for the jury. The question of excessive speed, especially in view of the crowded condition of the car and rear platform, makes that case entirely unlike the present.

The assignments of error are overruled and the judgment is affirmed.