# Miller *v.* Lehigh Valley R. R. Co., Appellant.

*Negligence — Railroads — Passenger — Alighting from train —Haste—Insufficient station platform—Contributory negligence— Case for jury.*

1. A railroad company is required to provide safe places for receiving and discharging passengers.

2. Where a passenger platform is too short to accommodate all the cars attached to a train, and passengers are required to alight on the right-of-way, the company will be responsible for an accident to a passenger thus alighting, if such place, because of the height, or the condition of the ground, is unsafe; provided the passenger is not guilty of contributory negligence.

3. This rule is especially applicable where women and children are required to alight at such a place.

4. The company's neglect is accentuated, if there is no one at the point to help passengers to alight.

5. A woman alighting at such point cannot be charged with contributory negligence as a matter of law, where, in response to the announcement of the station, she walks back of other passengers, having a dress suit case in her hands, and, with her view thus obstructed, steps from a step thirty inches from the ground, and is injured.

6. The passenger under the circumstances was not required to wait and insist on the train moving to the station so that she might alight.

7. Nor was she required, at the risk of being carried on, to move through other cars to where the regular passenger platform was, and especially so if she had received no direction to do so.

8. A passenger in alighting from a train at an unusual place, even if she makes a misjudgment of the distance from the step to the ground, should not be held guilty of negligence for such error of judgment, particularly under circumstances requiring a fair amount of haste.

Argued April 19, 1927. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 162, Jan. T., 1927, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1925, No. 5401, on verdict for plaintiff, in case of Maud Miller v. Lehigh Valley Railroad Co. Affirmed.

Trespass for personal injuries. Before McDevitt, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Joseph N. Ewing,* of *Saul, Ewing, Remick & Saul,* with him *Francis H. Bohlen, Jr.,* for appellant.—The appellee was plainly guilty of contributory negligence: Rist v. Traction Co., 236 Pa. 218; D., L. & W. R. R. v. Napheys, 90 Pa. 135; Twersky v. R. R., 261 Pa. 6; Baron v. Wilkes-Barre Co., 71 Pa. Superior Ct. 103; Scanlon v. Transit Co., 208 Pa. 195; Bland v. R. R., 13 Pa. Superior Ct. 93.

There was no negligent act on part of appellant which was the proximate cause of the accident: Scanlon v. Transit Co., 208 Pa. 195; Baron v. R. R., 71 Pa. Superior Ct. 103; Rothschild v. R. R., 163 Pa. 49; Farley v. Traction Co., 132 Pa. 58; Keller v. Ry., 149 Pa. 65.

*David E. Kaufman,* of *Mowitz, Kaufman & Kohlhas,* for appellee.—The acts of negligence on part of appellant, as set forth in plaintiff's statement and as sustained by the evidence, were clearly the proximate cause of the injuries: Sikorski v. Ry., 260 Pa. 243; Boggs v. Tea Co., 266 Pa. 428.

The question of the contributory negligence of plaintiff under the circumstances of the case and the ques-

tion of negligence of defendant were submitted to the jury under proper instructions and the jury found plaintiff not negligent and defendant negligent: Penna. R. R. v. White, 88 Pa. 327; Fern v. R. R., 250 Pa. 487; Johnson v. Director General, 286 Pa. 166; Meier v. R. R., 64 Pa. 225; Leedom v. Ry., 52 Pa. Superior Ct. 598; Hall v. R. R., 74 Pa. Superior Ct. 52; Mack v. Ry., 247 Pa. 598.

OPINION BY MR. JUSTICE KEPHART, May 16, 1927:

Maud Miller was a passenger on a Lehigh Valley Railroad train and was injured while alighting at the station of Sayre. She averred, in her statement, that the railroad company was guilty of negligence in not providing a proper and safe place for passengers to alight. The train had reached the regular station. Because of the length of the train, the baggage car and other passenger cars immediately ahead would not permit the car on which plaintiff was riding to be opposite the platform, the regular unloading place for passengers; instead, it was stopped 125 feet to the west. The specific negligence complained of was the height of the step and the condition of the ground on which plaintiff alighted. A verdict was recovered by plaintiff in the court below, and the court in banc refused to disturb it. This appeal followed.

The principles of law governing steam railroad companies in receiving and discharging passengers have been given expression to many times by this court. In Penna. R. R. Co. v. White, 88 Pa. 327, 333, we said the company is required to provide safe places for receiving and discharging passengers. In the long line of cases between that case and Johnston v. Director Gen., 286 Pa. 166, it has been uniformly held that a common carrier must not only furnish safe appliances and means for transporting passengers safely, but also safe places for their exit at their destination. In the present case, the railroad company's passenger platform was too short to

accommodate all the cars attached to the train. Some passengers were required to alight on the right-of-way. If such place, because of the height or the condition of the ground, is unsafe, the company will be held responsible for an accident resulting therefrom; provided, of course, that the passenger is not guilty of contributory negligence.

In the rapid march of improvement of railroad facilities, which are being continually improved, the public has been taught to expect them to be adequate in the light of those ordinarily used at like places in modern times. When a railroad company fails to provide such facilities, or, because of heavy increase in business, or a desire to operate their trains more economically, passengers are forced to alight away from regular receiving platforms, the company will be held liable for accidents occurring, if the place to alight is unsafe, either from a step too high, or because the ground is covered with cobblestones, or from other defects. Especially should this be the rule when women and children are obliged to get off the train. The jury could have found from the evidence that the step was 30 inches high, and that 30 inches was not ordinarily a safe step for passengers to take in alighting from a train. They could also find that the ground on which she alighted was unsafe. It was described as being covered with cobblestones and rock ballast.

When plaintiff alighted, she was thrown to the ground, sustaining a severe fracture of the leg. There was no one there to help. This circumstance further accentuated the company's neglect. Having invited its passengers to land, it should have accorded them at least some measure of attention. We do not wish to be understood as holding that facilities must be installed to meet every condition, but it is the duty of the carrier to exercise care in unloading passengers away from the regular platforms, and the ground on which they alight should be such as to fairly permit safe walking.

The decisions as to the duty of street railway companies in relation to the height of steps do not control. Railroads own their right-of-way and can make their own landing places. But, as stated in Scanlon v. Phila. Rapid Transit Co., 208 Pa. 195, 198, these "rules......[as] to steam railroads......cannot reasonably be applied to street railways........[which] are only allowed the use of the public highways in common with other vehicles."

The more difficult question is whether plaintiff was guilty of contributory negligence. After a careful review of all the testimony, we are satisfied the case was for the jury. When plaintiff was nearing her destination, a brakeman called out, "Sayre Station," thus inviting passengers who were going to that place to leave the car. It was the ordinary announcement in a passenger train. It was daylight. Those desiring to leave the train went to the front of the car; a number of people were leaving, some preceding, others following appellee. She carried a suit case and followed closely another passenger. This is customary for passengers departing from trains. In descending the steps at the platform, still following the passenger ahead, being but one step behind him, she noticed many passengers standing on the ground immediately in front, desiring to board the train, while others who had descended from it were about the train. On the bottom step, having her suit case in one hand, and holding to the iron rail with the other, she might possibly have had some opportunity to observe the distance she was called on to step. She states, however, that her vision was partly obscured by the passengers and her suit case. That was a fair inference from her evidence. Under these circumstances, the court could not declare, as a matter of law, that her act in attempting to alight was negligent. Furthermore, it is the customary practice of railroad companies to unload people at these stations as rapidly as possible. The train crews are usually insistent on passengers leaving

rapidly so their trains may be speeded on their journey. While appellee might possibly have waited, and insisted on the train moving to the station so she might alight, yet under the circumstances, she was not required to do so. The company had invited her to get off, and because others had preceded her without remonstrance and in safety, she could reasonably assume it was a proper place. She was not directed to move through the other cars to where the regular passenger platform was, and if she had followed that inclination without orders, she might have been carried past her destination before she could have reached the platform. All such circumstances must be taken into consideration in determining whether a passenger, under the circumstances here described, is negligent in not being more vigilant in leaving the train.

We are not unmindful of the rule which requires passengers to have their eyes open and be on the look-out for dangerous situations in leaving a train. When a passenger, in the brief time allowed, examines the situation and believes he is able to make the descent, but errs through a misjudgment of the distance, he should not be held guilty of negligence for such error of judgment, especially under circumstances requiring at least a fair amount of haste. Everyone knows this to be so in leaving a train with passengers in the rear. Under all these circumstances, the question of contributory negligence was for the jury.

We find all questions here considered well pleaded. The train reached Sayre Station as averred, and the description of the accident was sufficient to put the appellant on notice of what might be expected at trial.

The judgment of the court below is affirmed.