## GREAT NORTHERN RY. CO. v. SHELLENBARGER.

### No. 6482.

Circuit Court of Appeals, Ninth Circuit.

Dec. 14, 1931.

As Modified on Denial of Rehearing Feb. 23, 1932.

Charles A. Hart, Fletcher Rockwood, and Carey, Hart, Spencer & McCulloch, all of Portland, Or., for appellant.

Arthur M. Dibble, Malarkey, Dibble & Herbring, and Frank G. Smith, all of Portland, Or., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and WEBSTER, District Judge.

WILBUR, Circuit Judge.

This is an action brought by a passenger to recover from the carrier damages for injuries received by the passenger by reason of falling from a passenger train in motion; the passenger having recovered judgment in the lower court, the carrier, the Great Northern Railway Company, appeals from the judgment upon the ground that the court erred in denying its motion for a directed verdict. The accident occurred as an eastbound passenger train of the Great Northern Railway Company approached a siding at the town of Saco, in the state of Montana. The appellee claims that he was thrown through an open vestibule door by a sudden lurch of the train, due to excessive speed over a track under construction. There is no dispute as to the proposition that the appellee passed through the open vestibule door on the left or north side of the eastbound train at a point about a mile west of the siding which the train was to take in order to pass a westbound train. It was admitted by the brakeman that this door was opened by him before it was necessary for him to do so for the purpose of operating a switch which the train was approaching. He testified, however, that it was necessary for him to open the door when the train slowed down in order to fulfill his duty to protect the rear of the train if it became necessary to do so by flagging trains approaching from the west.

The appellee testified that at about 10:30 p. m. he decided to leave the observation car and go forward to his berth in a sleeping car; that as he stepped into the rear vestibule of the car immediately in front of the observation car the. train gave a violent and sudden lurch, and he was catapulted out of the car through the vestibule door, and does not remember touching anything until he struck the ground. The brakeman, on the other hand, testified that he had opened the door of the vestibule and was standing on the trapdoor looking out through the vestibule door with his back to the vestibule, his left hand resting on the brake lever on one side, and his right hand, raised to the level of his shoulder, extending across the opening and resting against the door on the other side, thus completely blocking the passageway to the open vestibule door; that some one touched his right arm gently; that he removed it, and the appellee walked past him and stepped off into space before he could stop him.

Appellant's theory is that the passenger became confused and made a right angle turn and walked off into space, believing that he was entering the sleeping car immediately ahead of the observation car. The appeal is presented on the theory that there is no contradiction of the testimony of the brakeman, that his testimony is in effect supplementary to, and not in conflict with, the testimony of the appellee, and that therefore it was the duty of the court and, of course, the jury to accept the testimony of the brakeman as to the way in which the accident occurred.

It is elementary that, in considering the testimony upon a motion for a directed verdict, the evidence should be construed most favorably to the other party, and, after verdict, of course, all the evidence and inferences properly deducible therefrom tending to support the verdict must be indulged by the appellate court. With this rule in mind, the appeal must be determined upon the theory that the train was going 50 miles an hour over a track parallel to one which was under construction, in violation of an order from the operating department of the appellant railroad company limiting the speed over this track to 20 miles per hour; that there was a sudden lurch of the train due to the excessive speed; that not only was the door of the vestibule open, but that the trapdoor was lifted. Moreover, instead of accepting the testimony of the brakeman as to the manner in which the accident occurred, we must assume that he was not guarding the opening, as he testified, but that he was not in that neighborhood at all, for the appellee testified as follows:

"Q. Now, then, state whether or not you had any notice or warning from anybody that there was an open vestibule on that coach that you were seeking to enter? A. No. I didn't see anybody there, and I didn't hear anybody. I didn't hear anybody say anything.

"Q. Was there any barrier of any kind there? A. No.

"Q. Was there any light of any sort there; any red lantern on the platform floor, to indicate there was danger on that side of the train? A. No, I didn't notice anything of that kind.

"Q. Did you notice anything there except the ordinary lights of the vestibule? A. Just the ordinary passage between the cars."

And on cross-examination:

"Q. So you don't know whether there was a brakeman in the vestibule at the time or not? A. Well, if there was any in there, I didn't know; I didn't see him."

The testimony of the appellee that he did not see the brakeman is equivalent to a statement that the brakeman was not guarding the open trapdoor or the open vestibule door. It will hardly be contended by the appellant that upon such a state of facts the court should take the case from the jury and hold that as a matter of law there was no negligence. The authorities are to the contrary: Bronson v. Oakes (C. C. A.) 76 F. 734; Northern Pacific Ry. Co. v. Adams (C. C. A.) 116 F. 324; Southern Pacific Co. v. Hanlon (C. C. A.) 9 F.(2d) 294; Rivers v. Pennsylvania R. Co., 83 N. J. Law, 513, 83 A. 883; Miller v. Pennsylvania R. Co., 303 Pa. 524, 154 A. 924; Robinson v. United States Ben. Soc., 132 Mich. 695, 94 N. W. 211, 102 Am. St. Rep. 436; Robinson v. Chicago & A. R. Co., 135 Mich. 254, 97 N. W. 689; Crandall v. Minneapolis, etc., Ry. Co., 96 Minn. 434, 105 N. W. 185, 2 L. R. A. (N. S.) 645, 113 Am. St. Rep. 653; Kearney v. Oregon R. & N. Co., 59 Or. 12, 112 P. 1083, 115 P. 593; Valentine v. Northern Pac. Ry. Co., 70 Wash. 95, 126 P. 99; Johnston v. St. Louis & S. F. R. Co., 150 Mo. App. 304, 130 S. W. 413. The motion for a directed verdict was properly denied.

In addition to the motion for a directed verdict, appellant specifies a number of errors in refusing to give instructions, which are disposed of by what we have already said with reference to the motion for a directed verdict. It should be added that no exception to these instructions was taken before the jury retired for deliberation, and consequently the assignments and specifications based thereon must fail.

It should be stated perhaps that the appellee does not contend in his brief that the brakeman's testimony with reference to guarding the open vestibule door is entirely untrue. It is quite likely that the truth lies somewhere between the two extremes as testified to by the brakeman and by the appellee, but nevertheless we are bound, as we have already stated, to accept the evidence most favorable to the appellee.

The judgment is affirmed.